UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RICKY DARNELL GRAY**                                  **CIVIL ACTION**

**VERSUS**                                                      **NO. 08-4724**

**WARDEN, LYNN COOPER**                          **SECTION "I" (2)**

## REPORT AND RECOMMENDATION

Ricky Darnell Gray seeks habeas corpus relief in this court concerning his 1980 conviction for manslaughter. Specifically, Gray challenges a revocation decision by the Louisiana State Parole Board related to the manslaughter conviction and sentence. Petitioner states that he pled guilty in the 3rd Judicial District Court for the Parish of Lincoln in Ruston, Louisiana. Lincoln Parish is located within the Western District of Louisiana. Title 28 U.S.C. § 98(c). Gray is currently incarcerated in the Avoyelles Correctional Center in Cottonport, Louisiana, which is located in Avoyelles Parish, also within the Western District of Louisiana. Title 28 U.S.C. § 98(c). Because the Lincoln Parish court originally sentenced Gray, jurisdiction is proper in the Western District of Louisiana. Carmona v. Andrews, 357 F.3d 535 (5th Cir. 2004).

Title 28 U.S.C. § 2241(d) establishes the proper venue for a petition for federal habeas corpus relief:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in

> the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

(emphasis added). The United States Court of Appeals for the Fifth Circuit has held that this statute is jurisdictional. Webb v. Beto, 362 F.2d 105, 108 (5th Cir. 1966), cert. denied, 385 U.S. 940, reh'g denied, 386 U.S. 930 (1967). Thus, this court lacks subject matter jurisdiction to consider Gray's petition, since Gray is not incarcerated in this district, either at the time he filed his complaint or currently, and he was not convicted or sentenced in this district. Gray has no discernable connection with the Eastern District of Louisiana.

In addition, however, because this court lacks jurisdiction, it also lacks authority to transfer the petition to the Western District of Louisiana where Gray is currently incarcerated. Although some courts have held that such transfer orders may be made, United States ex rel. Ayala v. Tubman, 366 F. Supp. 1268, 1269-71 (E.D.N.Y. 1973); United States ex rel. Ruffin v. Mancusi, 300 F. Supp. 686, 686 (E.D.N.Y. 1969), the better view appears to be that when a habeas corpus petitioner files his petition in a district court that lacks subject matter jurisdiction to grant relief, that court also lacks authority to transfer the case to a court of proper jurisdiction. United States ex rel.

Jimenez v. Convoy, 310 F. Supp. 801, 802 (S.D.N.Y. 1970); United States ex rel. Griffin v. LaVallee, 270 F. Supp. 531, 532 (E.D.N.Y. 1967).

Despite the arguably laudatory purposes of transferring such petitions to the correct district (e.g., saving a pro se petitioner the time and expense of refiling), prohibiting such transfers is the better view because "(t)he defect [in such an improperly filed habeas petition] is not merely one of improper venue, but of lack of subject matter jurisdiction, which is fundamental and cannot be disregarded." Jimenez, 310 F. Supp. at 802 (emphasis added). Even a thoroughly and somewhat persuasively reasoned decision like Ayala primarily bases its view that a transfer order is permissible on an interpretation indicating that Section 2241(d) is more in the nature of a venue statute than a jurisdictional statute. 366 F. Supp. at 1270.

While there is certainly case law authority to support transfer of this case to the Western District of Louisiana, a literal interpretation of the statute, particularly its express use of the word "jurisdiction" rather than venue and the clear implication of its second sentence that a permissible transfer is only from one court with jurisdiction to another with jurisdiction, coupled with the Fifth Circuit's clear holding in Webb that the statute is jurisdictional, persuades me that because this court lacks subject matter jurisdiction, it should not address the case further. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3)(emphasis added).

**RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that the above-captioned action be dismissed without prejudice for lack of subject matter jurisdiction. Petitioner is instructed that if he seeks federal habeas corpus relief on the grounds asserted in this petition, he must file his petition in the Western District of Louisiana.

In the alternative, **IT IS RECOMMENDED** that, if the district judge determines that transfer is the preferable remedy, the case be transferred to the Western District of Louisiana, where petitioner was convicted and where he is currently incarcerated.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __15th__ day of December, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE